```
                                                          U.S. DISTRICT COURT
                                                       WESTERN DISTRICT OF LOUISIANA
                                                                FILED
     IN THE UNITED STATES DISTRICT COURT              OCT 17 2002
     FOR THE WESTERN DISTRICT OF LOUISIANA         ROBERT H. SHEMWELL, CLERK
              SHREVEPORT DIVISION                  BY _____
                                                           DEPUTY
```

| | |
|---|---|
| United States of America *Ex Rel.* Susan Belgard Hodnett and Dr. William Overdyke, | Civil Action No. 02-2206 <br> Filed Under Seal Pursuant <br> To 31 U.S.C. §3730(b)(2) |
| Plaintiffs, <br> v. | **DO NOT PLACE IN PRESS BOX, DO NOT ENTER ON PACER** |
| State of Louisiana, Louisiana State University Health Sciences Center, Dr. J.A. Albright, and Dr. Kalia Sadasivan | **JUDGE WALTER** <br> **MAGISTRATE JUDGE PAYNE** |

## FALSE CLAIMS ACT COMPLAINT AND DEMAND FOR JURY TRIAL

### Introduction

1. Dr. William Overdyke and Ms. Susan Belgard Hodnett (collectively sometimes hereinafter referred to as the "Relators"), bring this action on behalf of the United States of America against defendants for treble damages and civil penalties arising from the defendants' false statements and false claims, and violations of the Civil False Claims Act 31 U.S.C. §§ 3729 *et seq*. The violations arise out of false certifications of billings for services not rendered.

2. As required by the False Claims Act, 31 U.S.C. §§ 3730(b)(2), Relators have provided to the Attorney General of the United States, and to the United States Attorney for the Western District of Louisiana, a statement of all material evidence and information related to the complaint. This disclosure statement is supported by material evidence known to Relators at their filing, establishing the existence of defendants' false claims. Because the statement includes attorney-client communication, and work product



of Relators' attorneys, and is submitted to the Attorney General and to the United States

Attorney in their capacity as potential co-counsel in this litigation, the Relators understand this disclosure to be confidential.

## Jurisdiction and Venue

3.  This action arises under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* This Court has jurisdiction over the case pursuant to 31 U.S.C. §§ 3732(a) and 3730(b). This Court also has jurisdiction pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1331.

4.  Venue is proper in this district pursuant to 31 U.S.C. § 3732(a), because the acts proscribed by 31 U.S.C. §§ 3729 *et seq.* and complained of herein took place in this district, and is also proper pursuant to 28 U.S.C. § 1391(b) and (c), because at all times, material and relevant, defendants transacted business in this district.

## Parties

5.  Relator Dr. William Overdyke is a citizen of the United States, and a resident of the State of Louisiana (hereinafter sometimes referred to as "Relator Overdyke" or "Dr. Overdyke"). From 1988 to 2001, Relator Overdyke was an employee of Louisiana State University Health and Science Center in Shreveport, Louisiana. Relator Overdyke brings this action based on his direct, independent, and personal knowledge, and also on information and belief.

6.  Relator Ms. Susan Belgard Hodnett is a citizen of the United States, and resident of the State of Louisiana (hereinafter sometimes referred to as "Relator Hodnett" or "Ms. Hodnett"). From February 5, 1996, to the present, Relator Hodnett has been an employee of Louisiana State University Health and Science Center in Shreveport,

Louisiana. Relator Hodnett brings this action based on her direct, independent, and personal knowledge, and also on information and belief.

7. Relators are an original source of this information to the United States. They have direct and independent knowledge of the information on which the allegations are based, and have voluntarily provided the information to the government before filing an action under the False Claims Act, which is based on the information.

8. Made defendant herein vicariously for the actions of its employees while in the course and scope of their employment is the State of Louisiana, through the Board of Supervisors of Louisiana State University Agricultural and Mechanical College, Louisiana State University Agricultural and Mechanical College Medical School and Louisiana State University Health and Science Center in Shreveport (hereinafter referred to as "Defendant State"). Defendant State may be served by serving the Commissioner of Administration, Honorable Mark Drennan at 1051 Third Street North, Room 229, Baton Rouge, Louisiana 70802, and by serving the Honorable Attorney General of the State of Louisiana Richard Ieyobe at State Capital Building, Baton Rouge, Louisiana 70808.

9. Also made Defendants herein are the following employees of the State of Louisiana:

    A) Dr. J. A. Albright, an individual and resident of the State of Louisiana, who may be served at his place of employment at the Department of Orthopedics at LSU Health Sciences Center located at 1501 Kings Highway, Shreveport, Louisiana 71103; and

B)  Dr. Kalia Sadasivan, an individual and resident of the State of Louisiana, who may be served at his place of employment at the Department of Orthopedics at LSU Health Sciences Center located at 1501 Kings Highway, Shreveport, Louisiana 71103.

**Factual Summary**

10. Relator Overdyke was an employee of Defendant State from 1988 to 2001, serving from 1988 to 1996 as "gratis faculty," and becoming part-time faculty in 1996, in the Orthopedics Department at LSU Heath Science Center. Relator Overdyke worked under the supervision of then and current Chief of Orthopedics, Defendant Albright.

11. In November of 2000, Relator Overdyke was approached on multiple occasions by Earnestine Harris, head nurse of the orthopedic clinic, who requested Dr. Overdyke to sign multiple certifications of medical procedures for the purpose of billing Medicare and Medicaid (hereinafter referred to as a "signing party"). Ms. Harris was acting pursuant to policy derived by Dr. Albright. The certifications represented charges for medical services which Relator Overdyke did not participate. Relator Overdyke refused to participate in this signing party.

12. Relator Hodnett, Registered Nurse, has been employed with LSU Health Sciences Center from February 5, 1996, to present. Relator Hodnett's duties included head nurse of orthopedic surgery and participating in orthopedic surgical procedures, among other duties. Since inception of Ms. Hodnett's employment, Defendants Albright and Sadasivan have been routinely absent from surgical procedures to which they were scheduled to attend. Irrespective of the fact of their physical absence, both Defendants

Albright and Sadasivan repeatedly signed billing slips indicating their presence at hundreds and possibly thousands of surgical procedures in the role of staff physician, among other roles, for the purpose of billing Medicare and Medicaid. Relator Hodnett reported this fraudulent billing practice to her supervisors with Defendant State on several occasions.

13. Upon information and belief, Defendant State has an employment practice of sharing equally all Medicare and Medicaid receipts between Defendant State and the staff physician certifying the procedure, namely Defendants Albright and Sadasivan. Moreover, upon information and belief, Defendant State has an employment practice of allowing staff physicians, during their scheduled work period, to attend to their own private pay patients at the facilities of Defendant State and at facilities located across the street from Defendant State's facilities.

### False Billings For Services Not Rendered

14. Relators incorporate the allegations of paragraphs one through 13 as if fully set forth herein.

15. Defendants Albright and Sadasivan knowingly and falsely represented that medical services were performed that were not in fact performed.

16. Defendants Albright and Sadasivan made these misrepresentations to obtain funds to which they would not otherwise have been entitled as a result of Defendant State's employment practice of splitting equally all Medicare and Medicaid billings with the certifying staff physician. Additionally, by certifying physical presence at these procedures, and not being physically present, Defendants Albright's and Sadasivan's time

was freed up to attend to private pay patients at other facilities and at Defendant State's facilities.

17. This course of conduct violated the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*

18. The U.S. Government, unaware of the falsity of these claims, and/or statements, and reliance on the accuracy thereof, was damaged to the extent that these funds were paid for phantom services.

## Conspiracy To Commit False Claims

19. Relators allege and incorporate the allegations of paragraphs one through 18 as if fully set forth herein.

20. Defendants Albright and Sadasivan combined, conspired, and agreed together to defraud the United States by knowingly submitting false claims to the United States and to its grantees for the purpose of getting the false or fraudulent claims paid or allowed, and committed the other overt acts set forth above in furtherance of that conspiracy, all in violation of 31 U.S.C. § 3729(a)(3), causing damage to the United States.

## Retaliation In Violation Of 31 U.S.C. § 3730(h)

21. Relators allege and incorporate the allegations of paragraphs 1 through 20, as if fully set forth herein.

22. During the period November of 2000, to the present, Relator Overdyke was harassed in his employment and eventually terminated by Defendant doctors Albright and Sadasivan. All of the unlawful actions of Defendants Albright and Sadasivan were

conducted in the course and scope of their employment with Defendant State. Based on information and belief, all of Defendants' unlawful acts were directly attributable to and as a result of Dr. Overdyke's <u>lawful</u> acts done in furtherance of this action, including refusals to participate in "signing parties" for the certification of phantom medical services to be billed to Medicare and Medicaid. This harassment and termination was in violation of 31 U.S.C. § 3730(h). Moreover, Defendant Sadasivan has set out on a course of conduct to ruin Relator Overdyke's reputation in the medical community by following non-exclusive acts:

- A) Representing that Dr. Overdyke received kick-backs from medical device manufacturers;

- B) Representing that Dr. Overdyke used his position of authority to increase sales of medical devices from a company which his wife was employed to Defendant State;

- C) Representing that Dr. Overdyke knowingly implanted defective medical products into patients; and

- D) Representing that Dr. Overdyke operated on patients while under the influence of alcohol.

Moreover, upon information and belief, Drs. Albright and Sadasivan have recounted the above allegations to the Administration of the Veterans Hospital in Shreveport, Louisiana, and Willis-Knighton Health Systems, both of which had contractual relationships with Dr. Overdyke. As a result of Defendants' conduct, Dr. Overdyke's relationship with the Veteran's Hospital was terminated.

23. Since April of 2002 to the present, Relator Hodnett has been harassed, job duties change, and has been denied access to overtime and on-call status by Defendant State as a result of Ms. Hodnett's <u>lawful</u> acts in furtherance of this action, including complaints to corporate officials regarding the false claims described herein. This harassment and unlawful conduct of Defendant is in violation of 31 U.S.C. § 3730(h).

24. As a direct and proximate result of this unlawful action, including, but not limited to, harassment, termination, slander, denial of on-call status, and other acts, Relators have suffered emotional pain and mental anguish, together with serious economic hardship, including lost wages, and special damages associated with their efforts to obtain alternative employment, in an amount to be proven at trial.

**WHEREFORE**, Relators respectfully request this Court to enter judgment against defendants, as follows:

a. That the U.S. be awarded damages in the amount of three times the damages sustained by the U.S. because of the false claims and fraud alleged within this complaint, as the Civil False Claims Act, § 31 U.S.C. §§ 3729 *et seq.* provides;

b. That civil penalties of $11,000.00 be imposed for each and every false claim that Defendants Albright and Sadasivan presented to the U. S. Government;

c. That pre- and post-judgment interest be awarded, along with reasonable attorney fees, costs, and expenses, which the Relators necessarily incurred in bringing and pressing this case;

d. That the Court grant permanent injunctive relief to prevent any recurrence of the False Claims Act for which redress is sought in this complaint;

  e.  That the Relators be awarded the maximum amount allowed to them pursuant to the False Claims Act;

  f.  For claims brought pursuant to 31 U.S.C. § 3730(h), that Relators be granted all relief necessary to make them whole, including, but not limited to two times their back pay, and other compensatory damages sustained as a result of Defendant State's employees harassment and retaliation; and

  g.  That this Court award such other and further relief as it deems proper.

### Demand for Jury Trial

Relators, on behalf of themselves and the United States, demand a Jury Trial on all claims alleged herein.

            NELSON, HAMMONS & SELF
            A Professional Law Corporation
            705 Milam Street
            Shreveport, Louisiana 71101
            (318) 227-2401
            (318) 221-4762

            BY: _____
              JOHN L. HAMMONS, #6485
              PATRICK R. JACKSON #27522
              Attorneys for Relators

**SERVICE INFORMATION:**
Through Mr. Mark Drennan,
Commissioner of Administration
1051 Third Street North, Room 229
Baton Rouge, Louisiana 70802

**ATTORNEY GENERAL OF THE**
**STATE OF LOUISIANA**
**RICHARD IEYOBE**
State Capitol Building
Baton Rouge, Louisiana 70808

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| United States of America *Ex Rel.* Susan Belgard Hodnett and Dr. William Overdyke, | ) ) ) ) ) ) ) ) ) ) | Civil Action No._____ Filed Under Seal Pursuant To 31 U.S.C. §3730(b)(2) **DO NOT PLACE IN PRESS BOX, DO NOT ENTER ON PACER** |
| Plaintiffs, v. | | |
| State of Louisiana, Louisiana State University Health Sciences Center, Dr. J.A. Albright, and Dr. Kalia Sadasivan | | |

**VERIFICATION**

STATE OF LOUISIANA

PARISH OF CADDO

On this day, Susan Belgard Hodnett appeared before me, the undersigned notary public. After I administered an oath to her, upon her oath, she said that she read the False Claims Act Complaint and Demand for Jury Trial, and that the facts stated in it are within his personal knowledge and are true and correct.

*Susan Belgard Hodnett*
Susan Belgard Hodnett

SWORN TO AND SUBSCRIBED before me, a Notary Public, on this 17 day of October, 2002.

_____
Notary Public in and for the
State of Louisiana

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| United States of America *Ex Rel.* Susan Belgard and Dr. William Overdyke,<br><br>    Plaintiffs,<br>v.<br><br>State of Louisiana, Louisiana State University Health Sciences Center, Dr. J.A. Albright, and Dr. Kalia Sadasivan | Civil Action No._____<br>Filed Under Seal Pursuant To 31 U.S.C. §3730(b)(2)<br><br>**DO NOT PLACE IN PRESS BOX, DO NOT ENTER ON PACER** |

## VERIFICATION

STATE OF LOUISIANA

PARISH OF CADDO

On this day, Dr. William Overdyke appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said that he read the False Claims Act Complaint and Demand for Jury Trial, and that the facts stated in it are within his personal knowledge and are true and correct.

_____
Dr. William Overdyke

SWORN TO AND SUBSCRIBED before me, a Notary Public, on this 10th day of October, 2002.

_____
Notary Public in and for the
State of Louisiana