UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SUSAN BELGARD HODNETT, ET AL     CIVIL ACTION NO. 02-cv-2206

VERSUS     JUDGE WALTER

STATE OF LOUISIANA, ET AL     MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Dr. William Overdyke and nurse Susan Belgard Hodnett are former state employees who worked at the LSU Health Sciences Center in Shreveport. They joined together to file this suit against the hospital, the LSU Medical School, and the Board of Supervisors for LSU ("the State-entity defendants"). They also named as defendants Dr. Kalia Sadasivan and the Chief of Orthopedics, Dr. J. A. Albright. Plaintiffs originally asserted: (1) qui tam claims on behalf of the United States for violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729 and (2) anti-retaliation claims pursuant to 31 U.S.C. § 3730(h) and Louisiana law.

The United States intervened with respect to the FCA qui tam claims, and the parties immediately filed a joint stipulation that confirmed the settlement of those claims. Doc. 37. The court later entered an order that dismissed with prejudice all claims asserted against the State-entity defendants, except: (1) Plaintiffs' claims under the retaliation/whistleblower provisions of the FCA; (2) any claims Plaintiffs may have against Defendants for costs and/or fees; (3) any and all claims Plaintiffs may have based on Louisiana state law; and (4)

any claims reserved by the United States in the settlement agreement among the parties. Doc. 38. The United States was terminated as a party to the case.

Before the court are two motions to dismiss. The first (Doc. 41) was filed by the State-entity defendants and argues that this court lacks subject matter jurisdiction. The second (Doc. 42) was filed by the individual defendants, Dr. Albright and Dr. Sadasivan, and seeks dismissal of the claims against them for failure to state a claim. After the two motions to dismiss were briefed, Plaintiffs filed a Third Amended Complaint (Doc. 50) that added claims under 42 U.S.C. § 1983, and the parties filed supplemental briefs to address the amendment. The motions are now ripe for decision. For the reasons that follow, it is recommended that the court dismiss (1) all claims against the State-entity defendants and (2) all claims against Dr. Albright and Dr. Sadasivan except the Section 1983 and state-law claims.

**The Allegations**

Dr. Overdyke alleges that he served on the faculty at LSU Health Sciences Center in Shreveport under the supervision of Dr. Albright. He complains that the head nurse of the orthopedic clinic approached him on several occasions and asked that he sign certifications of medical procedures for the purpose of billing Medicare and Medicaid. The nurse was allegedly acting pursuant to a policy set by Dr. Albright, and the certifications represented charges for medical services in which Dr. Overdyke did not participate. Dr. Overdyke refused to sign the certifications. Third Amended Complaint, ¶¶ 10-11.

Nurse Hodnett alleges that she was aware, during her employment, that Dr. Albright and Dr. Sadasivan were routinely absent from surgical procedures to which they were scheduled to attend, but the doctors nonetheless repeatedly signed billing slips that indicated their presence at hundreds or even thousands of such procedures. Hodnett alleges that she reported this fraudulent billing practice to her supervisors on several occasions. ¶ 12.

Both Plaintiffs assert, on behalf of the United States, that the conduct violated the False Claims Act. Dr. Overdyke also alleges that he was harassed in his employment and eventually terminated. Overdyke alleges that these actions were in retaliation for his refusal to sign false certifications. Overdyke also alleges that Dr. Sadasivan and other unnamed State employees set out to ruin his reputation in the medical community by making false representations that he had received kickbacks from medical device manufacturers, used his position to increase sales of medical devices by a company that employed his wife, knowingly implanted defective medical products, and operated on patients while under the influence of alcohol. Overdyke accuses Dr. Albright and Dr. Sadasivan of recounting these allegations to the VA, Willis-Knighton Health Systems, and Zimmer, Inc., all of which had contractual relationships with Dr. Overdyke or his wife. As a result, the VA terminated its relationship with Dr. Overdyke, and Zimmer, Inc. terminated its relationship with Mrs. Overdyke. ¶ 22.

Nurse Hodnett alleges that she was harassed, denied access to overtime, had her job duties changed, and was eventually terminated because of her complaints about the false

claims. She also alleges that the State terminated a contract with her husband's employer. ¶ 23.

**Eleventh Amendment Immunity; State-entity Defendants**

The State-entity defendants argue that the Eleventh Amendment prevents the court from exercising jurisdiction over Plaintiff's FCA retaliation claim asserted under Section 3730(h). Plaintiffs argue that there is no such bar to their retaliation claim and that there are remaining qui tam claims that prevent dismissal of the State-entity defendants.

The Eleventh Amendment ordinarily bars suits in federal court brought against a state or a state agency or department that is considered an arm of the state. Richardson v. Southern University, 118 F.3d 450, 452 (5th Cir. 1997). Plaintiffs do not contest that the State-entity defendants are arms of the state that are entitled to invoke the Eleventh Amendment. And courts have held that the Board of Supervisors and the LSU Health Sciences Center are arms of the state. See Pastorek v. Trail, 2001 WL 85921 (5th Cir. 2001); Hill v. Lee, 2009 WL 1230011 (W.D. La. 2009) (Drell, J.); and Boston v. Tanner, 29 F.3d 2d 743 (W.D. La. 1998).

When a state or its arm is a named defendant, the Eleventh Amendment bars suits for money damages or injunctive relief unless (1) the state has waived its immunity or (2) congress has abrogated the state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002).

Louisiana has refused to waive its Eleventh Amendment immunity regarding suits in federal court. La.R.S. 13:5106(A). As for abrogation, Plaintiffs do not argue that there is language in the retaliation statute that would validly abrogate Eleventh Amendment immunity and allow a private citizen to sue a state under the FCA. Rather, Plaintiffs argue that the United States' intervention, although it was only to achieve the immediate settlement of qui tam claims, is sufficient to equate their retaliation claims to one asserted by the United States, which the Eleventh Amendment does not bar from suing a state.

The parties' arguments focus on United States v. Texas Tech University, 171 F.3d 279 (5th Cir. 1999), in which a medical resident employed by a university school of medicine brought FCA qui tam and retaliation claims against the state university and its medical center. The only significant difference between Texas Tech and this case is that the United States did not intervene at all in Texas Tech, while it did intervene in this case but filed the same day a joint stipulation of dismissal of its claims.

The Texas Tech Court first addressed whether the plaintiff's qui tam claims were barred by the Eleventh Amendment. The Court found that they were barred because, even though the claims were brought on behalf of the United States, they were commenced or prosecuted by an individual against a state. The United States was a mere passive beneficiary rather than an active participant, and that passive role was deemed insufficient to allow the individual plaintiff to sue the state. The Court reasoned that private citizens should not be

able to sidestep the Eleventh Amendment and sue a state in federal court unless the United States had actually committed its personnel and monetary resources to the litigation.

Plaintiffs argue that the settlement agreement excluded from its scope potential qui tam claims against other state institutions. They urge that the Government's prior intervention allows them, unlike the Texas Tech plaintiff, to assert the claims against the state and precludes dismissal of the State-entity defendants. Plaintiffs have not, however, identified a single non-settled qui tam claim that is alleged with Twombly-Iqbal plausibility in their Third Amended Complaint. The mere possibility that there might be non-settled qui tam claims that exist against persons or agencies who are not defendants is no reason to keep the State-entity defendants in this case. Furthermore, the undersigned is persuaded that the United States' brief appearance in this case to settle the FCA claims it was interested in was not sufficient to afford Plaintiffs the continuing authority to, without any assistance or resources from the federal government, continue to sue the State in federal court on claims that would otherwise plainly be barred by the Eleventh Amendment. Any such qui tam claims that remain must be dismissed for lack of subject matter jurisdiction.

The Texas Tech decision also specifically addressed a Section 3730(h) retaliation claim and held that it must be dismissed because of the Eleventh Amendment. The Court rejected the argument that the United States was the real party in interest, noting that the plaintiff would keep all proceeds from any successful retaliation claim and solely possessed the right to bring such a claim. Any collateral interest the United States might have in

protecting qui tam plaintiffs who assert retaliation claims could not trump the Eleventh Amendment. Texas Tech, 171 F.3d at 294-95. This precedent requires dismissal of Plaintiffs' FCA retaliation claims.

Plaintiffs also assert Louisiana-law retaliation claims against the State-entity defendants. When federal claims are dismissed pursuant to Eleventh Amendment immunity, supplemental jurisdiction does not extend to claims against non-consenting state defendants. Raygor v. Regents of the University of Minnesota, 543 U.S. 533, 541-542 (2002). Plaintiffs do not contest this holding. They argue, citing jurisprudence relating to consent decrees, that the settlement agreement in this case that excepted from its scope state-law retaliation claims now gives the court jurisdiction to decide those claims even though they are directed at the State of Louisiana.

The settlement agreement was entered into among the parties. The court merely entered an order, at the request of the parties, that stated that all but certain claims were dismissed with prejudice. Plaintiffs do not point to any language in the settlement agreement, the order of dismissal, or elsewhere in the record that would amount to consent by the State of Louisiana to be sued for state-law retaliation claims in this court or that would otherwise afford jurisdiction over the state-law retaliation claims. The fact that the State of Louisiana did not include Plaintiffs' state-law retaliation claims in its settlement agreement with the United States cannot be construed as the state's waiver of Eleventh Amendment immunity. The claims should be dismissed.

Plaintiffs asserted in their Third Amended Complaint Section 1983 claims for (1) retaliation for exercise of First Amendment rights and (2) violation of due process by filing false charges and wrongfully terminating hospital privileges, employment, and contractual relationships. The claims are directed at "Defendants" without specificity. Paragraph (g) of the prayers asks for an award of damages to remedy the alleged Section 1983 violations. To the extent the Section 1983 claims are directed at the State-entity defendants, neither a state nor its officials acting in their official capacity are persons susceptible to suit for damages under Section 1983. Will v. Michigan Dept. Of State Police, 109 S.Ct. 2304 (1989). Accordingly, Plaintiffs have not asserted viable Section 1983 claims against the State-entity defendants. This resolves all claims against the State-entity defendants, so they should be dismissed from the case.

**Individual Defendants**

The individual defendants, Dr. Albright and Dr. Sadasivan, have moved to dismiss on the ground that they are not proper defendants to Plaintiffs' FCA retaliation claims. The statute provided, at the time this case arose: "Any employee who is discharged, demoted, suspended, threatened, harassed... by his or her *employer*... shall be entitled to all relief necessary to make the employee whole." 31 U.S.C. Section 3730(h) (italics added). Courts have interpreted this language to mean the retaliation claim lies only against an employer and not a co-worker or supervisor. See, e.g., U.S. ex rel. Golden v. Arkansas Game & Fish Com'n, 333 F.3d 867, 870-71 (8th Cir. 2003).

Plaintiffs do not contest that the quoted version of the statute gives them no remedy against the non-employer defendants. They do argue, however, that Section 3730(h) was amended in 2009, and that amendment removed any reference to employers. The amendment does not help Plaintiffs, because the enacting legislation stated that its provisions "shall take effect on the date of enactment of this act and shall apply to conduct on or after the date of enactment ... ." Public Law 111-21, § 4(f). The law spells out some exceptions, but none is applicable here. The date of enactment was May 20, 2009. That amendment is inapplicable to this action, which was filed on October 17, 2002. Dr. Albright and Dr. Sadasivan are entitled to dismissal of the FCA retaliation claim against them.

Dr. Albright and Dr. Sadasivan argue that Plaintiffs' Section 1983 claims are directed at the defendants in their official capacities and so are barred by the Eleventh Amendment and the holding in Will. Plaintiffs argue that the claims are asserted against the two physicians in their individual capacities so are not barred. The Third Amended Complaint does not specify the capacity in which the individuals are sued. In such a case, the court must look to the "course of proceedings" to indicate the nature of liability sought to be imposed. Kentucky v. Graham, 105 S.Ct. 3099, 3106 n.14 (1985). Plaintiffs urge in their memorandum that it is "clear" that both physicians were sued in their individual capacities. Plaintiffs, who could have avoided this entire argument by making such a statement in their amended complaint, are correct. The Section 1983 claims are not directed at the physicians' offices, so that if they died or were replaced the claims would continue against the next

holders of the offices. Rather, the Section 1983 claims allege that the physicians retaliated against Plaintiffs by spreading false rumors, harassing them with respect to their jobs, terminating hospital privileges, and the like. Plaintiffs seek damages for those alleged constitutional violations. Despite the lack of specificity in the complaint, the nature of the allegations fairly indicates that the Section 1983 claims are asserted against the physicians in their individual capacities. Accordingly, these claims should survive the motion to dismiss.

Plaintiffs argue that they have an Ex parte Young style claim against Dr. Albright and Dr. Sadasivan for reinstatement pursuant to the relief provision of the FCA retaliation statute. It provides in 31 U.S.C. § 3730(h)(2) that relief for a successful retaliation claim shall include reinstatement, two times back pay, interest, and other remedies. It was recommended above, however, that the FCA retaliation claim be dismissed as to the State-entity defendants because of the Eleventh Amendment and against the individual defendants because they are not employers. Accordingly, there is no remaining claim on which such relief could be based.

Plaintiffs have also asserted claims under Louisiana Titles 23 and 46. Defendants argued that the court should decline to exercise supplemental jurisdiction over those claims if all federal claims were dismissed. There are federal claims remaining, so the court should continue to exercise supplemental jurisdiction over the state law claims.

Accordingly,

**IT IS RECOMMENDED** that the Motion to Dismiss (Doc. 41) filed by the State-entity defendants be granted and that all claims against the State of Louisiana, LSU Health Sciences Center-Shreveport, the LSU Medical School, and the Board of Supervisors for LSU be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that the Motion to Dismiss (Doc. 42) filed by the individual defendants be granted in part and denied in part as follows: All claims against Dr. Albright and Dr. Sadasivan brought under the False Claims Act for retaliation or otherwise should be dismissed, but Plaintiffs' Section 1983 claims and Louisiana law claims should remain pending.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of August, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE